

# HELEN F. DALTON & ASSOCIATES, P.C.
## ATTORNEYS AT LAW

80-02 Kew Gardens Road, Suite 601, Kew Gardens, NY 11415
Tel. (718) 263-9591 Fax. (718) 263-9598

January 19, 2021

**Via ECF**
The Honorable District Judge John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

   Re: **Matto v. Ourem Iron Works, Inc., et al.**
         **20-CV-1868 (JPC)**

Dear Judge Cronan:

   Our office represents the Plaintiffs in the above-captioned action and submit this motion on behalf of both parties to request the Court's approval of the settlement agreement ("Settlement Agreement"), between the parties. The Settlement Agreement attached hereto as Exhibit 1 memorializes the terms agreed upon by the parties during their arms' length settlement negotiations and multiple court-annexed mediation sessions.

## Background and Settlement Terms

   Plaintiffs, Robers Castillo Matto ("R. Matto"), Wilbert Costilla Matto ("W. Matto"), Aldo Valenzuela Hilar ("Hilar"), and Daniel Paisag Valencia ("Valencia") (collectively, the "Plaintiffs") filed this lawsuit on March 3, 2020 alleging, *inter alia*, that Plaintiffs, as employees of Ourem Iron Works, Inc., were not paid proper overtime compensation when they worked in excess of forty hours per workweek. Plaintiffs alleged that Defendants' payment policies violated the Fair Labor Standards Act ("FLSA") and New York Labor Laws ("NYLL"). Defendants interposed an Answer on July 28, 2020, denying all material allegations.

   On April 14, 2020, the parties dismissed the claims of Valencia without prejudice, as Valencia no longer wished to continue with this action. Further, Plaintiffs W. Matto and Hilar had previously released the claims which are subject to this action in a New York State Department of Labor ("NYSDOL") settlement. As such, the Settlement Agreement only releases the claims of R. Matto. However, the parties have agreed to dismiss the claims of Plaintiff R. Matto as well as the claims of W. Matto and Hilar, who have already resolved their claims through the NYSDOL. This motion addresses the fairness and reasonableness of the Settlement Agreement as to Plaintiff R. Matto.

## The Terms of the Settlement Agreement are Fair and Reasonable

a.  **The Parties' Positions**

As this Complaint was filed in March 2020, the relevant statutory period under the NYLL commenced in March 2014. Plaintiff R. Matto alleged, that during the relevant statutory period, he was employed by Defendants for approximately twenty-one months from March 2014 through November 2015. During this period, Plaintiff R. Matto alleged that he worked approximately 72 hours per workweek. Further, he alleged that although he worked in excess of 40 hours per week, he was paid the same regular hourly rate of pay for all hours worked. As such, R. Matto claimed that he entitled to the half-time rate of overtime pay for approximately 32 hours per week for each week of employment during the relevant statutory period.

Lastly, R. Matto claimed that he was entitled to recovery under NYLL §195 for Defendants' alleged failure to provide proper wage notices and wage statements.

Defendants categorically denied all of the allegations in the Complaint and have raised various defenses throughout this litigation. Further, Defendants' position is that Defendants maintained accurate records as to Plaintiffs' time worked and pay received.

In advance of the parties' court-annexed mediation, Plaintiffs' counsel reviewed the time and pay records provided by Defendants' counsel. Based on a careful review of those records, Plaintiffs' counsel believed that the records showed that R. Matto was owed approximately $12,718.00. Defendants disputed Plaintiffs' counsel's calculations. The parties were only able to resolve their disputes over the course of multiple mediation sessions with a qualified and experienced neutral.

The parties eventually agreed on a settlement of $36,500.00 as to R. Matto's claims. The fairness and reasonable of this amount is addressed below.

b.  **The Settlement Amount is Fair and Reasonable**

The parties agreed to settle all claims asserted in this action for $36,500.00 in one installment following the Court's approval of the Settlement Agreement.

FLSA claims may only be settled and dismissed with prejudice under Rule 41 if they are approved by the Court. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206-207 (2d Cir. 2015). "Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes." *Kochilas v. Nat'l Merch. Servs., Inc.*, 2015 WL 5821631, at *7 (E.D.N.Y. Oct. 2, 2015) (citation omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of settlement." *Id*. (citation omitted). Furthermore, "[i]f the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved." *Id*. (citations omitted).

Therefore, the settlement sum of $36,500.00 reflects a reasonable compromise between the parties' dispute over Defendants' alleged wage and hour violations, and this amount considers the costs and risks of protracted litigation. *Cf., e.g., Beckert v. Ronirubinov*, 2015 U.S. Dist. LEXIS 167052, at *4 (S.D.N.Y. Dec. 14, 2015) (holding that a settlement of approximately 25% of the amount initially sought was a "substantial proportion of the maximum possible recovery" and fair, especially in light of the risks associated with litigation); *Martinez v. Hilton Hotels Corp.*, 2013 U.S. Dist. LEXIS 117738, at *9 (S.D.N.Y. Aug. 20, 2013) (Court found settlement reasonable

because, inter alia, it was a "compromise over contested issues" "in light of the unpredictability of the outcome at trial"); *Garcia v. BAE Cleaners Inc.*, 2012 U.S. Dist. LEXIS 51867, at *2 (S.D.N.Y. April 12, 2012) (holding that the settlement fair and reasonable even though the settlement amount was less than the potential liquidated damages awardable under the FLSA because it "reflect[ed] a reasonable compromise over" issues that had been "contested in the litigation").

The parties believe that the settlement amount is fair and reasonable considering Plaintiff's claims and the defenses maintained by Defendants in this matter and the fact that the terms of the Settlement Agreement were achieved only after muliple mediation sessions before an experienced neutral. The parties had genuine, bona fide disputes over the number of hours worked by Plaintiffs, the wages paid to Plaintiffs and the dates of Plaintiffs' employment, but both sides made compromises on their positions in order to achieve a fair and reasonable settlement. Furthermore, Plaintiffs' counsel notes that R. Matto's recovery under the Settlement Agreement will allow him to recover nearly double the amount of unpaid wages owed to him, based on Plaintiffs' counsel's review of Defendants' records.

### **Requested Attorneys' Fees and Distribution to Plaintiffs**

The parties agreed to a global settlement of $36,500.00 to resolve all claims asserted in this action. If the Agreement is approved by the Court, Plaintiff R. Matto will recover $24,066.67. This amount is identified in Paragraph 1(a)(i) of the Settlement Agreement. Plaintiffs' counsel requests $12,433.33 in attorneys' fees and expenses as addressed below.

First, Plaintiffs' counsel requests reimbursement of expenses in the amount of $400.00, which includes the SDNY filing fee of the Complaint in this matter.

Plaintiffs' counsel respectfully requests one-third of the settlement less the expenses ($36,100.00), or $12,033.33 in attorneys' fees, as agreed upon in the Plaintiffs' retainer agreements with this firm. Therefore, if this request is approved, the total amount to be paid to the attorneys for their fees and expenses in this matter is $12,433.33.

**Settlement Amount:** $36,500.00
**Attorneys' Expenses:** $400.00
**Settlement less Expenses:** $36,100.00
**Requested Attorneys' Fees:** $12,033.33 ($36,500.00 / 3)
**Total payable to Attorneys:** $12,433.33 ($12,033.33 + $400.00)
**Total payable to Plaintiff:** $24,066.67 ($36,500.00 - $12,433.33)

Plaintiffs' attorneys and their clients have a retainer agreement that is reduced to writing and is signed by the client. Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013). Courts in this District typically approve a fee of one-third or less of the settlement amount. *See Santos v. Yellowstone Props, Inc.*, 2016 WL 2757427 at *4 (S.D.N.Y. May 10, 2016).

This request for attorneys' fees is supported by the work performed by Plaintiffs' counsel throughout the litigation and the recovery secured through their efforts. Plaintiffs' counsel has zealously advocated for their clients throughout the litigation process and believe that the settlement amount secured is a product of their efforts. Furthermore, the fee requested is reasonable in relation to the recovery received by Plaintiff R. Matto.

## **Closing**

In closing, the parties believe that the settlement amount and the terms of the Agreement are fair and reasonable. The settlement was the product of approximately one year of negotiations and the terms of the Settlement Agreement comport with Second Circuit case law. As such, we respectfully request that the Court approve the Agreement. We thank Your Honor for his consideration and remain available to provide any additional information.

Respectfully submitted,

*James O'Donnell*
James O'Donnell, Esq.