## AGREEMENT AND RELEASE

This Agreement and Release ("Agreement") sets forth the mutual understanding between **ROBERS COSTILLA MATTO** (hereinafter referred to as "Plaintiff") and **OUREM IRON WORKS, INC., and ARTHUR VIEIRA, SR., as an individual** (hereinafter collectively referred to as "Defendants"), regarding Plaintiff's employment and the settlement of any and all claims Plaintiff has or may has against Defendants.

**WHEREAS**, Plaintiff has commenced an action against Defendants in the Southern District of New York, United States District Court, bearing Docket No.: 20-CV-1868 alleging wage and hour violations under the Federal Labor Standards Act and New York Labor Law.

**WHEREAS**, Defendants deny that they failed to pay Plaintiff all wages owed to him;

**WHEREAS**, Defendants deny any violation of law or any liability to Plaintiff;

**WHEREAS**, Plaintiff and Defendants mutually desire to settle and resolve all disputes and differences between them, on the terms and conditions hereinafter set forth;

**WHEREAS**, the terms of this Settlement Agreement and payment to Plaintiff Robers Costilla Matto is contingent on the Court's dismissal of the claims of Plaintiff Robers Costilla Matto as well as Plaintiffs Wilberto Costilla Matto and Aldo Valenzuela Hilar, whose claims in this lawsuit were previously resolved through a New York State Department of Labor settlement;

**NOW, THEREFORE,** in consideration of the mutual promises contained in this Agreement, Defendants and Plaintiff, having been represented by counsel, have independently concluded that it is in their respective best interests to do so, agree as follows:

1. **Payment**

In lieu of incurring further litigation costs associated with defending the action commenced against them by Plaintiff and in consideration for Plaintiff's execution of this Agreement, which includes a release, Defendants agree to the following payment terms:

a. Within fourteen (14) days of the Court's approval of this settlement agreement, Defendants shall cause Plaintiff to be paid the gross sum of thirty-six thousand five hundred dollars and no cents ($36,500.00), inclusive of attorneys' fees and costs ("Settlement Funds"), payable as follows:

i. One certified or bank check in the amount of twenty-four thousand sixty-six dollars and sixty-seven cents ($24,066.67) made payable to Robers Costilla Matto.

ii. One certified or bank check in the amount of twelve thousand four hundred thirty-three dollars and thirty-three cents ($12,433.33) made payable to Helen F. Dalton & Associates, P.C.

b.   The Settlement Funds will be provided to the Helen F. Dalton & Associates, P.C., 80-02 Kew Gardens Road, Suite 601, Kew Gardens, New York 11415.

c.   Upon receiving the full payment listed in Paragraph 1(a), Plaintiff will file a Stipulation of Discontinuance with prejudice for Court approval.

## 2.   Release

In consideration of the payments, benefits, agreements and other consideration to be provided by Defendants as described in the Agreement, Plaintiff, his successors and assigns, HEREBY RELEASES AND FOREVER DISCHARGES, to the maximum extent permitted by law, Defendants, any insurers of Defendants, and Defendants' respective parent corporations, stockholders, subsidiaries, affiliates, divisions, successors and assigns, their respective current and former officers, owners, directors, employees, trustees, agents, whether as individuals or in their official capacity, and each of their respective successors and assigns, and attorneys of and from all causes of action and claims which were alleged in the Complaint filed in the action, specifically including Federal Labor Standards Act and New York Labor Law, and its associated regulations concerning unpaid wages, record-keeping violations and failure to provide proper wage statements, which Plaintiff now has or has ever had.

## 3.   Attorneys' Fees

Except as otherwise stated, the parties expressly agree to bear their own attorneys' fees, costs and disbursements incurred in this litigation. Further, no party shall be responsible or liable for the payment of any attorneys' fees for the other party.

## 4.   Oral Modifications Prohibited

This Agreement represents the entire agreement between Plaintiff and Defendants with respect to Plaintiffs' employment with Defendants. This Agreement cannot be amended, supplemented, or modified nor may any provision be waived, except by a written instrument executed by the party against whom enforcement of any such amendment, supplement, modification or waiver is sought.

## 5.   Enforcement of the Agreement

This Agreement shall be governed by the law of the State of New York, without regard to the choice-of-law or conflicts-of-law principles of any jurisdiction.

## 6.   Effective Date

This Agreement and Release shall become effective immediately upon execution.

7.  **Counterparts**

This Agreement may be executed on multiple counterparts, each of which shall be considered an original but all of which will constitute one (1) Agreement. Electronic signatures or PDF signatures shall have the same legal and binding effect as wet ink signatures.

**PLAINTIFF:**

*[signature]*
Robers costilla matto (Jan 18, 2021 17:59 EST)

**ROBERS COSTILLA MATTO**

Date: 1/18/21

**DEFENDANTS:**

**OUREM IRON WORKS INC.**

_____

**ARTHUR VIEIRA, SR., Agent Authorized to sign on behalf of OUREM IRON WORKS INC.**

Date:_____

_____

**ARTHUR VIEIRA, SR., as an individual**

Date:_____

7. Counterparts

This Agreement may be executed on multiple counterparts, each of which shall be considered an original but all of which will constitute one (1) Agreement. Electronic signatures or PDF signatures shall have the same legal and binding effect as wet ink signatures.

**PLAINTIFF:**

_____

**ROBERS COSTILLA MATTO**

Date:_____

**DEFENDANTS:**

**OUREM IRON WORKS INC.**

_____
**ARTHUR VIEIRA, SR.,** Agent Authorized to sign on behalf of **OUREM IRON WORKS INC.**

Date: 1/19/2021

_____
**ARTHUR VIEIRA, SR.,** as an individual

Date: 1/19/2021