UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                               :
ROBERS COSTILLA MATTO et al., *individually and on* :
*behalf of all others similarly situated*,               :
                                                                               :
                              Plaintiffs,             :                  20-CV-1868 (JPC)
                                                                               :
                        -v-                         :                         ORDER
                                                                               :
OUREM IRON WORKS, INC. and ARTHUR VIEIRA, :
SR.,                                                                       :
                                                                               :
                              Defendants.           :
                                                                                 :
-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

      On January 19, 2021, Plaintiffs submitted a letter on behalf of the parties seeking approval of a settlement agreement between Plaintiff Robers Costilla Matto ("Robers Matto") and Defendants (the "Settlement Agreement") as fair and reasonable under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015).  (Dkt. 25).  The parties appear to request that the Court approve the dismissal of the claims brought under the Fair Labor Standards Act ("FLSA") by the three remaining Plaintiffs in this lawsuit—Plaintiffs Robers Matto, Wilbert Costilla Matto ("Wilbert Matto"), and Aldo Valenzuela Hilar ("Hilar")—based on the Settlement Agreement between Robers Matto and Defendants.  The letter further notes that Wilbert Matto and Hilar entered into settlements with the New York State Department of Labor ("NYSDOL"), which "released the claims which are subject to this action."  (*Id.* at 1).

      After independently reviewing Plaintiffs' letter and the Settlement Agreement to determine whether that settlement is fair and reasonable and whether dismissal of the FLSA claims of the three remaining Plaintiffs is appropriate, the Court orders all parties to appear before the undersigned for a conference on January 29, 2021, at 2:00 p.m.  At the scheduled time, counsel for all parties should

call (866) 434-5269, access code 9176261.

Counsel for all parties are directed to be prepared to discuss the following issues as they relate to the standards the Court must apply under *Cheeks* and its progeny:

(1) The broad language in the first paragraph of the Settlement Agreement, which states that the agreement applies to "the settlement of any and all claims Plaintiff has or may ha[ve] against Defendants." (Dkt. 25-1 at 1.) In particular, the parties should address why this language is not "too sweeping to be 'fair and reasonable'" because it extends to "claims that have no relationship whatsoever to wage-and-hour issues." *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015).

(2) Whether it is fair and reasonable for the Settlement Agreement, as an agreement between only Plaintiff Robers Matto and Defendants, to be contingent on the dismissal of the claims of Plaintiffs Wilbert Matto and Hilar in this action.

(3) Whether Plaintiffs Wilbert Matto's and Hilar's releases of their FLSA claims in settlements with the NYSDOL are enforceable in this Court.[1] *See Redzepagic v. Hammer*, No. 14 Civ. 9808 (ER), 2017 WL 780809, at *4 (S.D.N.Y. Feb. 27, 2017) (explaining that there are only two ways in which FLSA wage claims can be settled: through the supervision of the United States Department of Labor or through judicial court approval.); *see also Karagozian v. Coty US, LLC.*, No. 10 Civ. 5482 (RMB), 2011 WL 536423, at *1 (S.D.N.Y. Feb. 10, 2011).

(4) To the extent the parties are of the view that dismissal of the claims brought by Plaintiffs Wilbert Matto and Hilar is appropriate under *Cheeks* in light of their settlements with the NYSDOL, why the terms of those NYSDOL settlements render dismissal of Plaintiffs Wilbert Matto's and Hilar's FLSA claims before this Court fair and reasonable.

SO ORDERED.

Dated: January 26, 2021
New York, New York

_____
JOHN P. CRONAN
United States District Judge

---

[1] While not entirely clear, Plaintiffs' letter appears to represent that the NYSDOL settlement contained a release of Plaintiffs Wilbert Matto's and Hilar's federal FLSA claims. (Dkt. 25 at 1 ("Further, Plaintiffs W. Matto and Hilar had previously released the claims which are the subject of this action in a New York Department of Labor 'NYSDOL' settlement.")).