UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
:
ROBERS COSTILLA MATTO et al., *individually and on* :
*behalf of all others similarly situated*, :
:
                               Plaintiffs, :      20 Civ. 1868 (JPC)
:
           -v- :      <u>ORDER</u>
:
OUREM IRON WORKS, INC. and ARTHUR VIEIRA, :
SR., :
:
                             Defendants. :
:
-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

      Plaintiffs Robers Costilla Matto ("Robers Matto"), Daniel Paisig Valencia ("Valencia"), Wilbert Costilla Matto ("Wilbert Matto"), and Aldo Valenzuela Hilar ("Hilar") commenced this action on March 3, 2020 against their former employer, Defendant Ourem Iron Works, Inc. and its owner Arthur Veira (collectively, "Defendants"). Dkt. 1. Plaintiffs alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206 and 207, and New York Labor Law § 650 *et seq.*, for failure to pay overtime wages and violation of notice, record-keeping, and wage statement requirements. Dkt. 1 ¶¶ 58-74. On April 14, 2020, Valencia voluntarily dismissed his claims against all Defendants without prejudice, Dkt. 11, and an Amended Complaint was filed the next day to account for that dismissal, Dkt. 14. This case was reassigned to the undersigned on October 5, 2020. Before the Court is Robers Matto's notice of voluntary dismissal with prejudice, Dkt. 31, and a proposed settlement agreement between Robers Matto and Defendants, Dkt. 28, Exh. 1, which this Court must evaluate pursuant to the standards set in *Cheeks v. Freeport Pancake House*, 796 F.3d 199, 200 (2d Cir. 2015) and its progeny. Wilber Matto and Hilar also have filed a stipulation and order of dismissal without prejudice as to their claims. Dkt. 30.

In the Second Circuit, "parties cannot privately settle FLSA claims with a stipulated dismissal with prejudice under Federal Rule of Civil Procedure 41 absent the approval of the district court or the Department of Labor." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 599 (2d Cir. 2020) (citing *Cheeks*, 796 F.3d at 200). Thus, district courts in this Circuit must review a proposed FLSA settlement and determine whether it is "fair and reasonable." *Larrea v. FPC Coffees Realty Co.*, No. 15 Civ. 1515 (RA), 2017 WL 1857246, at *1 (S.D.N.Y. May 5, 2017) (internal quotation marks and citation omitted). "A fair settlement must reflect a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Id.* (internal quotation marks and citation omitted).

District courts typically evaluate the fairness of an FLSA settlement agreement by considering the factors identified in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). *See Fisher*, 948 F.3d at 600. These factors include: "(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky*, 900 F. Supp. 2d at 335 (internal quotation marks and citations omitted).

On January 19, 2021, after undergoing several proceedings before the Court-annexed mediation program, the parties submitted a joint letter seeking approval of a settlement agreement between Robers Matto and Defendants (the "First Settlement Agreement") pursuant to *Cheeks*. Dkt. 25. That letter noted that "[Wilbert] Matto and Hilar had previously released the claims which are subject to this action in a New York State Department of Labor ('NYSDOL') settlement," *id.* at 1, and attached the First Settlement Agreement as an exhibit, *id.*, Exh. 1. On January 26, 2021, after reviewing the parties' joint letter and the First Settlement Agreement, the Court ordered all

parties to appear before the undersigned for a conference on January 29, 2021. Dkt. 26. The Court directed the parties to be prepared to discuss the broad release language in the first paragraph of the First Settlement Agreement, as well as circumstances and implications of the dismissal of the claims of Wilbert Matto and Hilar.

In anticipation of the January 29, 2021 conference, the parties filed a joint letter addressing these issues. Dkt. 27. The parties acknowledged that certain language in the first paragraph of the First Settlement Agreement could suggest an overly broad release of claims, and offered to amend that language to clarify that the settlement only covers the claims alleged in the Amended Complaint. *Id.* at 1. The parties additionally explained that Wilbert Matto and Hilar would be voluntarily dismissing their claims without prejudice, and attached a copy of their signed stipulation of dismissal. *Id.* at 2, 5. The Court discussed these issues with the parties at the January 29, 2021 conference, after which the parties filed an amended settlement agreement (the "Second Settlement Agreement") for the Court's approval on February 5, 2021, Dkt. 28, a stipulation of voluntary dismissal without prejudice as to Plaintiffs Wilbert Matto and Hilar on February 10, 2021, Dkt. 30, and a stipulation of voluntary dismissal with prejudice as to Plaintiff Robers Matto on February 22, 2021, Dkt. 31. The Second Settlement Agreement includes amended language in the first paragraph which references the "Release" provision, and therefore makes it clear that the only claims released by Plaintiff Robers Matto pursuant to the Second Settlement Agreement are those "which were alleged in the Complaint filed in the action." Dkt. 28, Exh. 1 at 1, § 2.

After a careful review of the parties' January 19, 2021 joint letter, Dkt. 25, their supplemental submissions before the January 29, 2021 conference, Dkt. 27, and the Second Settlement Agreement, Dkt. 28, Exh. 1, the Court finds that the Second Settlement Agreement is fair and reasonable under the standards set in *Cheeks*, 796 F.3d at 206-07, and *Wolinsky*, 900 F. Supp. 2d at 335-36. The Court reaches this conclusion after considering, among other factors, the

nature and scope of Plaintiff's claims and release, the risks and expenses involved in additional litigation, and the proposed attorneys' fees.

First, the waiver of claims in the Second Settlement Agreement is limited to causes of action and claims alleged by Robers Matto in the Amended Complaint under the FLSA and New York Labor Law. Dkt. 28, Exh. 1 at 1, § 2. As such, the agreement is tailored to the instant dispute and not an "overbroad release that would 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Cheeks*, 796 F.3d at 206 (quoting *Lopez v. Nights of Cabiria, LLC,* No. 14 Civ. 1274 (LAK), 2015 WL 1455689, at *1-7 (S.D.N.Y. March 30, 2015)).

In addition, Robers Matto contends that Defendants owe him $12,718.00 in unpaid overtime pay. Dkt. 25 at 2. Assuming he could receive an amount equal to his alleged unpaid wages in liquidated damages, *see* 29 U.S.C. § 216(b), and $10,000 for failure to provide certain notices, the total recoverable amount seems to be $35,436. Under the Second Settlement Agreement, after attorneys' fees, Robers Matto will receive $24,066.67. *Id.* at 3. Thus, this is approximately 67% of his total alleged damages, and he will have recovered more than the total alleged overtime pay owed.

Defendants categorically deny Robers Matto's claims and asserted that they maintained accurate records as to Plaintiff's time worked and pay received. *Id.* at 2. Robers Matto therefore could recover nothing if he were to proceed to trial. In light of this range of possible recovery, the seriousness of the litigation risks, and the burdens of establishing each party's case at trial, the Court finds that the proposed settlement amount is fair and reasonable. *See Wolinsky*, 900 F. Supp. 2d at 335. Courts in this District routinely award settlement amounts within this range. *See, e.g.*, *Zorn-Hill v. A2B Taxi LLC*, No. 19 Civ. 1058 (KMK), 2020 WL 5578357 (S.D.N.Y. Sept. 17, 2020) (approving a settlement amount equal to 12.5% of the plaintiff's "best-case scenario" recovery);

*Gervacio v. ARJ Laundry Servs. Inc.*, No. 17 Civ. 9632 (AJN), 2019 WL 330631, at *1 (S.D.N.Y. Jan 25, 2019) (approving a settlement amount "equal to approximately 20 per cent of total possible recovery and approximately 43 percent of [the plaintiff's base damages]"). And nothing suggests that the proposed settlement agreement here is the product of less than arm's length bargaining between experienced counsel or is tainted by fraud or collusion. *See Wolinsky*, 900 F. Supp. 2d at 335.

Finally, the Court has also reviewed Robers Matto's counsel's request for approval of attorneys' fees and expenses. Counsel requests one-third of the settlement less the expenses incurred in litigating this action. Dkt. 25 at 3. In light of the quality of counsel and the issues presented in this matter, the Court finds this amount to be fair and reasonable. "[C]ourts in this District routinely award one third of a settlement fund as a reasonable fee in FLSA cases." *Gervacio*, 2019 WL 330631, at *1 (citing *Zhang v. Lin Kumo Japanese Rest. Inc.*, 13 Civ. 6667 (PAE), 2015 WL 5122530, at *4 (S.D.N.Y. Aug. 31, 2015) (collecting cases)); *accord Guzman v. Joesons Auto Parts*, No. 11 Civ. 4543 (ETB), 2013 WL 2898154, at *4 (E.D.N.Y. June 13, 2013).

As noted, the parties also have filed a stipulation and order of dismissal, pursuant to which the claims of Wilbert Matto and Hilar and Defendants would be dismissed without prejudice. Dkt. 30. The Court, like numerous others in this District, finds that parties who stipulate to dismissal of FLSA cases without prejudice do not require court approval under *Cheeks*. *See e.g.*, *Fenton v. Criterion Worldwide*, No. 18 Civ. 10224 (ER), 2020 WL 7248818, at *2 (S.D.N.Y. Dec. 9, 2020); *Fernandez v. New York Health Care, Inc.*, No. 19 Civ. 11575 (GHW), 2020 WL 1322539, at *2 (S.D.N.Y. Mar. 19, 2020): *Zackery v. Rondinone Studio LLC*, No. 19 Civ. 1191 (RA), 2019 WL 3006405, at *2 (S.D.N.Y. July 10, 2019); *Reynoso v. Norman's Cay Grp. LLC*, No. 15 Civ. 1352 (PAE), 2015 WL 10098595, at *2 (S.D.N.Y. Nov. 23, 2015). In addition, as noted above, the parties have advised the Court that these two plaintiffs previously reached a settlement of their claims that

are the subject of this case before the New York State Department of Labor ("NYS DOL"). Dkt. 25 at 1. To the extent that Wilbert Matto and Hilar have any federal claims which survive that NYS DOL settlement, the dismissal here would be without prejudice and therefore permit them to reinstate any such claims in federal court that are not time-barred.

Accordingly, the Court approves the Second Settlement Agreement attached to the parties' February 5, 2021 letter. Dkt. 28, Exh. 1.

The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: February 23, 2021
       New York, New York

                                          JOHN P. CRONAN
                                       United States District Judge